## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

DANIEL ORTIZ,

     Plaintiff,

  vs.

LONG ISLAND UNIVERSITY, EQUIFAX
INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION
SOLUTIONS, INC. AND TRANS UNION,
LLC,

     Defendant.

CIVIL ACTION

NO.:

JURY TRIAL DEMANDED

### NOTICE FOR REMOVAL OF ACTION
### PURSUANT TO 28 U.S.C. § 1441

Defendant, Long Island University, hereby submits notice to the United States District
Court for the Eastern District of New York for the removal of the above-entitled action to this
Honorable Court and, in support thereof, respectfully represents:

1.  Defendant, Long Island University ("LIS") is a non-for profit corporation
organized and existing under the laws of the State of New York, having its principal place of
business located in New York County of New York.

2.  Upon information, knowledge and belief, Plaintiff, Daniel Ortiz, is an adult
individual and citizen and resident of the State of New York, residing in the Borough of Kings,
City of New York.

3.  At all times material hereto, LIS was duly registered to do, and was doing, business
in the State of New York.

4.  On or about June 14, 2023 Plaintiff commenced the above action, by filing a
Summons and Complaint (collectively, the "Complaint"), true and correct copies of which are

attached hereto as **Exhibit "A."**  Plaintiff's Complaint seeks to recover monetary damages for violations of the 15 U.S.C. § 1681, Fair Credit Reporting Act (the "FRCA"), and New York Fair Credit Reporting Act, NY CLS General Business Law § 380, against the defendants named herein.

5.      Plaintiff seeks relief against LIS pursuant to 15 U.S.C. § 1681s-2(b), for allegedly failing to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct, or block the inaccurate information reported in Plaintiff's consumer background reports.

6.      On or about June 29, 2023 the LIS received the Complaint.

7.      Based on the claimed violation of 15 U.S.C. § 1681s-2(b), subject matter jurisdiction exists for removal of the instant action to this Honorable Court.

8.      To date, Defendants EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION, LLC have not appeared in the action.

9.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed within one (1) year after the filing of the Complaint on June 14, 2023, and within 30 days after service of the Complaint on June 29, 2023.

**WHEREFORE**, the above action now pending against Defendant, Long Island University, in the Supreme Court State of New York, Kings County, is removed therefrom to this Honorable Court.

Dated: New York, New York
      July 21, 2023

                                **Respectfully submitted,**

                                **CHARTWELL LAW**

BY: _____

Matthew Kraus, Esq.
*Attorneys for Defendant*
*Long Island University*
One Battery Park Plaza, Suite 710
New York, New York 10004
(212) 968-2300
mkraus@chartwelllaw.com

**AFFIDAVIT**

STATE OF NEW YORK                    )
                                     ) ss
COUNTY OF NEW YORK                   )


    MATTHEW KRAUS, ESQ. being duly sworn according to law, deposes and says that he

is the attorney for Defendant, Long Island University, that he has read the foregoing Notice and

knows the contents thereof; that, he is authorized to make this Affidavit on behalf Long Island

University and, that the facts alleged in the Notice are true and correct to the best of his knowledge,

information, and belief.


                                                        MATTHEW KRAUS


Sworn    to    and    subscribed
before me this 21st day of July,
2023

                                    
Notary Public

LAUREN RAGGIO HALL
Notary Public-State of New York
No. 01HA6346921
Qualified in Kings County
Commission Expires 08/22/2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL ORTIZ, | CIVIL ACTION |
| Plaintiff, | |
| vs. | NO.: |
| LONG ISLAND UNIVERSITY, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2023 a true and correct copy of the Rule 7.1 Statement and Notice of Removal of Action, filed by Defendant, Long Island University was served upon the following by electronic mail.

Nicola C. Richards, Esq.
**SANDERS LAW GROUP**
*Attorney for Plaintiff*
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
P: (516) 203-7614
nrichards@sanderslaw.group

Dated: New York, New York
July 21, 2023

**CHARTWELL LAW**

By: Matthew Kraus, Esq.
*Attorneys for Defendant*
*Long Island University*
One Battery Park Plaza, Suite 710
New York, New York 10004
(212) 968-2300
mkraus@chartwelllaw.com

# Exhibit A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

|  |  |
|---|---|
| Daniel Ortiz,<br><br>            Plaintiff,<br><br>       v.<br><br>Long Island University, Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC,<br><br>           Defendants. | Index No.:<br>Date Purchased:<br><br>**SUMMONS**<br><br>**Basis of Venue:**<br><br>**CPLR §509:** Venue designated by Plaintiff.<br>**CPLR §503(a):** Plaintiff's principal place of residence |

**TO THE ABOVE-NAMED DEFENDANT(S):**

       **YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

       **YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated:  Uniondale, New York
       June 14, 2023

**Defendants Addresses:**

Long Island University
700 Northern Blvd
Brookville, NY 11548

Equifax Information Services, LLC
1550 Peachtree Street
NW Atlanta, GA 30309
Registered Agent:
The Corporation Service Company
80 State Street, Albany, NY 12207

**SANDERS LAW GROUP**

By: */s Nicola C. Richards*
Nicola C. Richards, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: nrichards@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7614
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 127889

1

Case 1:23-cv-05534   Document 1   Filed 07/21/23   Page 8 of 25 PageID #: 8

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626
Registered Agent:
CT Corporation System
28 Liberty Street, New York, NY 10005

Trans Union LLC
555 W. Adams Street
Chicago, IL 60661
Registered Agent:
The Prentice-Hall Corporation System, Inc.
80 State Street, Albany NY 12207

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

---

Daniel Ortiz,

                    Plaintiff,                    Index No:

          v.                                      **COMPLAINT**

Long Island University, Equifax Information
Services, LLC, Experian Information Solutions,
Inc. and Trans Union, LLC,

                    Defendants.

---

Daniel Ortiz ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Long Island University ("*LIS*" or *"Furnisher Defendant"*), Experian Information Solutions, Inc. ("*Experian*"), Equifax Information Services, LLC ("*Equifax*") and Trans Union LLC ("*Trans Union*") (Experian, Equifax and Trans Union are hereinafter collectively referred to as "*CRA Defendants*") (Furnisher Defendant and CRA Defendants are collectively referred to as "*Defendants*") as follows:

## INTRODUCTION

1.      This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. §1681 *et seq*, and New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq ("NY FCRA")*.

2.      This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of §1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a).

3.      This action also seeks relief against CRA Defendants pursuant to NY FCRA § 380-F for failing to comply with the proper procedures for resolving disputes after a consumer disputes an item and failing to promptly remove inaccurate and/or misleading information.

4.      This action seeks relief against Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b), for their failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the

3

Case 1:23-cv-05534   Document 1   Filed 07/21/23   Page 10 of 25 PageID #: 10

inaccurate information.

5.      Plaintiff seeks an order enjoining Defendants' injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

6.      As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it.

7.      Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

8.      Under CPLR §§ 301 and 302, this Court has jurisdiction over the action in that Defendants conducts business in the State of New York and have purposely availed themselves of the privilege of conducting business in the State of New York.

9.      Under CPLR § 503(a), venue is appropriate in Kings County because Plaintiff resides within Kings County and a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

## PARTIES

10.     Plaintiff Daniel Ortiz is an adult who is a citizen of the State of New York residing in Kings County, New York.

11.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and NY FCRA § 380-a(b).

12.     Defendant LIS is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

13.     Defendant Furnisher is a private institution of higher learning located in New York and has a principal place of business located at 700 Northern Blvd, Brookville, New York 1154/8-1300.

4

14.     Defendant Equifax is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

15.     Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York.

16.     Defendant Equifax by contractual agreement, dispersed consumer background reports for remuneration to third parties.

17.     Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

18.     Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626 and is registered to do business in the State of New York.

19.     Defendant Experian by contractual agreement, dispersed consumer background reports for remuneration to third parties.

20.     Defendant Trans Union is a CRA as defined under 15 U.S.C. 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

21.     Defendant Trans Union is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

22.     Defendant Trans Union by contractual agreement, dispersed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

23.     Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) which states as follows:

(1)     The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2)     An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3)     Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

5

(4)    There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

24.    FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

25.    CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

26.    Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

27.    Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

<u>**FACTUAL ALLEGATIONS**</u>

**CRA Defendants**

28.    Plaintiff Daniel Ortiz had an outstanding charged off debt with non-party Capital One Bank (USA), N.A. ("*Capital One*") in the amount of $469.98 (The Account reports as "*Account No 517805989180XXXX*").

29.    Plaintiff settled this debt with Capital One for $270.

30.    This settlement resolved the debt in its entirety and nothing more is due and owing.

31.    As such, Plaintiff's credit reports should reflect that the debt was settled or paid off for less than the amount owed.

32.    After the settlement was completed, Plaintiff caused a dispute letter to be sent to CRA Defendants via certified mail (the "*FCRA dispute letter*").

Case 1:23-cv-05534   Document 1   Filed 07/21/23   Page 13 of 25 PageID #: 13

33.     Based upon United States Postal Service tracking information, Equifax and Trans Union received the FCRA dispute letter on March 5, 2023.

34.     Based upon United States Postal Service tracking information, CRA Defendants received the FCRA dispute letter on March 6, 2023.

35.     Upon information and belief, CRA Defendants forwarded a notice of dispute and all relevant information regarding the FCRA dispute letter to Capital One, within five business days of receipt of same, as required by the FCRA.

36.     Upon information and belief, Capital One received the notice of dispute and all relevant information from CRA Defendants of Plaintiff's FCRA dispute letter.

37.     Following Defendants' thirty (30) day FCRA investigation period, CRA Defendants continued to report the debt as unpaid with an outstanding balance of $199.

38.     Since this debt was settled and paid off entirely, the reporting of an outstanding balance and the failure to indicate that the debt was settled is inaccurate, misleadingly inflates Plaintiff's liabilities and violative of the FCRA.

39.     Upon information and belief, CRA Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

40.     Had CRA Defendants performed a reasonable investigation, the account at issue would have been modified to reflect the fact that it was settled with no outstanding balance, or the tradeline would have been deleted entirely.

41.     Alternatively, and upon information and belief, CRA Defendants failed to provide Capital One with the notice of dispute and all relevant information.

42.     Alternatively, and upon information and belief, Capital One provided CRA Defendants with the correct information and directives regarding the Capital One account and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

43.     As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

44.     As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative

credit impact of the errors at issue despite taking steps to resolve it.

**LIS and CRA Defendants**

45.     On or around October 2014, Plaintiff opened a student loan Account with LIS.

46.     After experiencing financial difficulties, Plaintiff's Account with LIS became delinquent and was charged off with an outstanding balance.

47.     To close the LIS Account, Plaintiff paid the outstanding debt in full through LIS's agent for debt collection Reliant Capital Solutions LLC for $670.32.

48.     This payment resolved the debt in its entirety and nothing more is due and owing.

49.     As such, Plaintiff's credit reports should reflect that the debt was paid in full and closed.

50.     After payment was completed, Plaintiff caused a dispute letter to be sent to CRA Defendants via certified mail (the "*FCRA dispute letter*").

51.     Based upon United States Postal Service tracking information, Equifax and Trans Union received the FCRA dispute letter on March 5, 2023

52.     Based upon United States Postal Service tracking information Experian received the FCRA dispute letter on March 6, 2023.

53.     Upon information and belief, CRA Defendants forwarded a notice of dispute and all relevant information regarding the FCRA dispute letter to LIS, within five business days of receipt of same, as required by the FCRA.

54.     Upon information and belief, LIS received the notice of dispute and all relevant information from CRA Defendants of Plaintiff's FCRA dispute letter.

55.     Following LIS Defendants' thirty (30) day FCRA investigation period, LIS and CRA Defendants continued to report the debt as follows:

    a.     Outstanding balance and past due of $2 with Experian.

    b.     Outstanding balance of $672 with scheduled monthly payments of $40 owed with Equifax and Trans Union.

56.     Since this debt was paid off entirely, the reporting of an outstanding balance and the failure to indicate that the debt was paid in full is inaccurate and misleadingly inflates Plaintiff's liabilities and violative of the FCRA.

57.     Rather than updating the account to reflect as paid in full, LIS continued to report the account as having an outstanding balance and scheduled monthly payments, which is

Case 1:23-cv-05534   Document 1   Filed 07/21/23   Page 15 of 25 PageID #: 15

inaccurate and misleading.

58.     Upon information and belief, LIS and CRA Defendants either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate account as accurate.

59.     Had LIS and CRA Defendants performed a reasonable investigation, the account at issue would have been modified to reflect the fact that it was paid in full, with no outstanding balance, or the tradeline would have been deleted entirely.

60.     Alternatively, and upon information and belief, CRA Defendants failed to provide LIS with the notice of dispute and all relevant information.

61.     Alternatively, and upon information and belief, LIS provided CRA Defendants with the correct information and directives regarding the LIS Account and CRA Defendants failed to properly process or furnish this data to Plaintiff's credit report.

62.     As such, CRA Defendants failed to practice reasonable procedures to assure maximum possible accuracy.

63.     As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; wrongly inflated liabilities; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it.

## **FIRST COUNT**
### **CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681e(b).**

64.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65.     CRA Defendants systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

66.     Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

67.     At a minimum, CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports but Experian failed to mark the Capital One Account as disputed while Trans Union failed to mark the Capital One Account and the LIS Account as disputed also.

68.     According to information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

69.     In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

70.     Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

71.     Plaintiff disputed the inaccurate information and CRA Defendants recklessly failed to perform a reasonable investigation to remove the inaccurate information.

72.     Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform a reasonable investigation to remove the inaccurate information.

73.     As a result of CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

74.     In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

75.     CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

76.     As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

77.     For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### SECOND COUNT
**CRA Defendants' Violations of the FCRA, 15 U.S.C. §1681i *et seq.***

78.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

10

79.     CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

80.     CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Capital One and LIS and merely parroting information received from the furnisher.

81.     CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Capital One and LIS all of the relevant information regarding Plaintiff and his dispute.

82.     CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

83.     CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

84.     CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Capital One and LIS; or (iv) requested or obtained any credit applications, or other relevant documents from Capital One and LIS. As such, there is no evidence of a reasonable investigation being conducted.

85.     As a result of CRA Defendants' violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

86.     CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

87.     In the alternative, CRA Defendants were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

88.     For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## THIRD COUNT
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

89.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

90.     At all times pertinent hereto, Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

91.     Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

92.     Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

93.     FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

94.     On each occasion referenced in the above statement of facts where a dispute was sent to the CRA Defendants, upon information and belief, CRA Defendants provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

95.     Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

96.     Upon information and belief, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

97.     Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

98.     Upon information and belief, Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

99. Furnisher Defendant violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

100. Furnisher Defendant violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

101. Furnisher Defendant violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

102. Furnisher Defendant violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

103. Furnisher Defendant violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

104. Furnisher Defendant violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

105. Furnisher Defendant's conduct was willful in that they had direct knowledge of the settlement agreement, was a party to that settlement, received payment for the settlement, and received FCRA dispute notice(s) of the tradeline from the consumer reporting agencies, but continued to report the tradeline inaccurately.

106. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff when it received the FCRA dispute(s) and still failed to conduct a reasonable investigation and correct the credit reporting.

107. Furnisher Defendant violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

108. Furnisher Defendant violated § 1681s-2(b) by negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

109. Furnisher Defendant violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation.

110. Furnisher Defendant violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies,

13

111.     Furnisher Defendant violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

112.     Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

113.     Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114.     Alternatively, Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

115.     For the foregoing reasons, Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## FOURTH COUNT
### CRA Defendant's Violations of the NY FCRA § 380

116.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

117.     NY FCRA § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and Plaintiff's rights pursuant to that section.

118.     In addition, NY FCRA § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1)     Promptly expunge the item and otherwise correct the file.

(2)     Refrain from reporting the item in subsequent consumer reports,

(3)     Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

119.     Here, a duty to conduct a reasonable investigation was triggered by CRA Defendants upon each receipt of any FCRA dispute letter referenced in the above statement of facts.

14

Case 1.23-cv-05534 Document 1 Filed 07/21/23 Page 21 of 25 PageID #: 21

120. CRA Defendants failed to conduct a reasonable investigation and failed to promptly correct the tradeline of the account(s) at issue.

121. CRA Defendants also failed to provide the Plaintiff notice of their rights pursuant to NY FCRA § 380-f(b)(3).

122. CRA Defendants' failure to adequately re-investigate these disputes despite being given the information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

123. As such, CRA Defendants' violations were willful, rendering them liable for punitive damages in an amount to be determined by the court and attorney's fees pursuant to NY FCRA § 380-L.

124. At a minimum, CRA Defendants' conduct was negligent in that they failed to use reasonable care and diligence in their obligations to the consumer rendering them liable for actual damages and attorney's fees pursuant to NY FCRA § 380-M.

125. As a direct result of the above violations of the NY FCRA by CRA Defendants, Plaintiff suffered damages as described in the above statement of facts.

126. As a result of the above violations of the NY FCRA, CRA Defendants are willfully and/or negligently liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to NY FCRA §§ 380-L and 380-M.

## JURY DEMAND

127. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a   Adjudging that Defendants actions violated the FCRA;

b   Adjudging that CRA Defendants actions violated the NY FCRA;

c   An order enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

d   Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

e   Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. §

15

Case 1:23-cv-05534 Document 1 Filed 07/21/23 Page 22 of 25 PageID #: 22

1681n(a)(1)(A);

f   Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

g   Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

h   Granting Plaintiff actual damages, punitive damages, attorney's fees and costs pursuant to NY FCRA §§ 380-L and 380-M;

i   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

j   Such other and further relief as the Court determines is just and proper.

DATED:     June 14, 2023
               Uniondale, New York

**SANDERS LAW GROUP**

By: */s Nicola C. Richards*
Nicola C. Richards, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: nrichards@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7614
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 127889

16

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DANIEL ORTIZ

**DEFENDANTS**
LONG ISLAND UNIVERSITY, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION, LLC,

**(b)** County of Residence of First Listed Plaintiff   KINGS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   WESTCHESTER
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sanders Law Group/Nicola C. Richards, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
P: (516) 203-7614

Attorneys *(If Known)*
Chartwell Law/Matthew Kraus, Esq.
One Battery Park Plaza, Suite 71
New York, New York 10004
(212) 968-2300

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

***Does this action include a motion for temporary restraining order or order to show cause? Yes ☐ No ☑***

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☒ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Defendant's alleged violation of 15 U.S.C. § 1681

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE   PRE-RJI   DOCKET NUMBER   517395/2023

DATE
7/14/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration  ☑

I, _____ , counsel for _____ , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(c)

1.)  Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.)  If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received: Kings County

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes   ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes      ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain   ☑ No

I certify the accuracy of all information provided above.

**Signature:**

Last Modified 11 27 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL ORTIZ, | CIVIL ACTION |
| Plaintiff, | |
| | NO.: |
| vs. | |
| LONG ISLAND UNIVERSITY, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## RULE 7.1 DISCLOSURE STATEMENT FORM

Please check one box:

☒ The nongovernmental corporate party, <u>Long Island University</u> in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

❏ The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

July 21, 2023
Date

/s/ Matthew Kraus
Counsel for Long Island University